# EXHIBIT L

| From: | Melissa Tribble |
|---|---|
| To: | Eleanor F. Brock; Bilal Malik |
| Cc: | Kelly F. Love; Joseph Saveri; Cadio Zirpoli; Christopher Young; Holden Benon; Aaron Cera; William Castillo Guardado; Maxwell Pritt; Joshua Stein; dboies@bsfllp.com; Jesse Michael Panuccio; eezray@bsfllp.com; Matthew Butterick; asweatman@caffertyclobes.com; mrathur@caffertyclobes.com; bclobes@caffertyclobes.com; dmuller@venturahersey.com; Reed Forbush; JSLF ChatGPT Service List; chatgpt_cocounsel@bsfllp.com; openaicopyrightlitigation.lwteam@lw.com; KVP-OAI; OpenAICopyright@mofo.com |
| Subject: | RE: In re OpenAI ChatGPT Litigation - Master File No. 3:23-cv-03223-AMO – Notices of Subpoena and Subpoenas |
| Date: | Thursday, March 20, 2025 10:59:59 AM |
| Attachments: | image001.png |

Counsel,

The proposed list of over 60 emails and individual files goes way beyond the compromise you proposed and we discussed, and is incredibly overbroad, unduly burdensome, and entirely unacceptable. We will agree to a search of only the Plaintiffs' individual agent's email and files—the agents to whom the subpoenas are addressed—and/or the agent who negotiated the agreements relating to the Asserted Works. Further, certain agents that were subpoenaed are no longer in business (Charlotte Sheedy is very elderly and provided Woodson's documents to May Wuthrich, Bill Clegg left the literary agent business for many years and his agency is defunct -  Janklow has Greer's documents, and Dan Strone is a former employee of Trident Media Group and would not possess documents in his individual capacity). We have accordingly listed the appropriate individuals that are likely to possess the documents OpenAI is requesting.

Please confirm **today** that OpenAI will agree to this list.

| Silverman | Trident Media Group LLC | 1. Dan Strone<br>   dstrone@tridentmediagroup.com |
|---|---|---|
| Silverman | Creative Artists Agency LLC (Matthew Snyder) | 1. Matthew Snyder<br>   MSnyder@caa.com |
| Snyder | Don Congdon Associates, Inc. (Susan Ramer) | 1. Susan Ramer<br>   SRamer@doncongdon.com |
| Coates | Watkins/Loomis Agency, Inc. (Gloria Loomis) | 1. Gloria Loomis<br>   gloria@watkinsloomis.com |
| Golden | Howard Morhaim Literary Agency, Inc. (Howard Morhaim) | 1. Howard Morhaim<br>   howard@morhaimliterary.com |
| Tremblay | Inkwell Management LLC (Stephen Barbara) | 1. Stephen Barbara<br>   stephen@inkwellmanagement.com |
| Kadrey | Curtis Brown Ltd | 1. Ginger Clark<br>   gc@cbltd.com<br><br>1. Elizabeth Harding<br>   eharding@cbltd.com |
| Kadrey | Ginger Clark (Ginger Clark Literary) | 1. Ginger Clark<br>   ginger@gingerclarkliterary.com |
| Diaz | Aragi Inc. | 1. Nicole Aragi nicole@aragi.net |
| Greer | Janklow & Nesbit Associates | 1. Aaron Rich<br>   arich@janklow.com |
| Klam | The Wylie Agency, Inc. (Sarah Chalfant) | 1. Sarah Chalfant<br>   SChalfant@wylieagency.com |

| | | schalfant@wylieagency.co.uk |
|---|---|---|
| Lippman | Vicky Bijur Literary Agency (Vicky Bijur) | 1. Vicky Bijur<br>vicky@vickybijuragency.com |
| Woodson | William Morris Endeavor | 1. Dorian Karchmar<br>DKarchmar@WMEAgency.com |
| Woodson | Rob Weisbach Creative Management | 1. Rob Weisbach<br>rob@robweisbach.com |
| Woodson | May Wuthrich Productions & Creative Services | 1. May Wuthrich<br>may@maywuthrich.com |

**Melissa Tribble**

Associate

_____

JOSEPH SAVERI
L A W   F I R M

601 California Street, Suite 1505
San Francisco, CA 94108
**T** 415.500.6800 x937
**F** 415.395.9940

---

**From:** Melissa Tribble <mtribble@saverilawfirm.com>
**Sent:** Wednesday, March 19, 2025 5:20 PM
**To:** Eleanor F. Brock <EBrock@keker.com>; Bilal Malik <BMalik@keker.com>
**Cc:** Kelly F. Love <KLove@keker.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; William Castillo Guardado <wcastillo@saverilawfirm.com>; Maxwell Pritt <mpritt@bsfllp.com>; Joshua Stein <jstein@bsfllp.com>; dboies@bsfllp.com; Jesse Michael Panuccio <jpanuccio@bsfllp.com>; eezray@bsfllp.com; Matthew Butterick <mb@buttericklaw.com>; asweatman@caffertyclobes.com; mrathur@caffertyclobes.com; bclobes@caffertyclobes.com; dmuller@venturahersey.com; Reed Forbush <rforbush@bsfllp.com>; JSLF ChatGPT Service List <JSLFSERVICE_CHATGPT@saverilawfirm.com>; chatgpt_cocounsel@bsfllp.com; openaicopyrightlitigation.lwteam@lw.com; KVP-OAI <KVPOAI@keker.com>; OpenAICopyright@mofo.com
**Subject:** RE: In re OpenAI ChatGPT Litigation - Master File No. 3:23-cv-03223-AMO – Notices of Subpoena and Subpoenas

Brock,
We reject your assertion that Plaintiffs did not conduct a search of the agents. The testimony you referred to below asked specifically about correspondence. Further, Mr. Golden responded about his personal efforts, not the efforts of his counsel. Plaintiffs have searched for, collected, and produced responsive documents from their agents both individually and through their counsel.

We maintain our position that OpenAI's requests are overbroad and unduly burdensome, however,

we understand that OpenAI is willing to reach a compromise on this issue.

With respect to category one, we agree to search for documents and communications relating to all potential, attempted, or actual publishing/licensing/ghostwriting agreements relating to the Asserted Works and any works that are at issue in the proposed amended complaint.

On category two, we are not limiting this category to documents relating to Plaintiffs' Asserted Works. We will search for documents related to the potential or actual licensing of plaintiffs' works for Generative AI training and documents relating to plaintiffs' works regarding the licensing market for Generative AI training data within the Plaintiffs' agents' emails and files.

We look forward to reviewing OpenAI's proposed list. We will provide the appropriate certification consistent with the Court's Order, and we reserve all rights with respect to issues not covered by any resulting agreement.

Best,
Melissa Tribble


**Melissa Tribble**
Associate

_____

JOSEPH SAVERI
L A W   F I R M

601 California Street, Suite 1505
San Francisco, CA 94108
**T** 415.500.6800 x937
**F** 415.395.9940

---

**From:** Eleanor F. Brock <EBrock@keker.com>
**Sent:** Wednesday, March 19, 2025 4:53 PM
**To:** Melissa Tribble <mtribble@saverilawfirm.com>; Bilal Malik <BMalik@keker.com>
**Cc:** Kelly F. Love <KLove@keker.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; William Castillo Guardado <wcastillo@saverilawfirm.com>; Maxwell Pritt <mpritt@bsfllp.com>; Joshua Stein <jstein@bsfllp.com>; dboies@bsfllp.com; Jesse Michael Panuccio <jpanuccio@bsfllp.com>; eezray@bsfllp.com; Matthew Butterick <mb@buttericklaw.com>; asweatman@caffertyclobes.com; mrathur@caffertyclobes.com; bclobes@caffertyclobes.com; dmuller@venturahersey.com>; Reed Forbush <rforbush@bsfllp.com>; JSLF ChatGPT Service List <JSLFSERVICE_CHATGPT@saverilawfirm.com>; chatgpt_cocounsel@bsfllp.com; openaicopyrightlitigation.lwteam@lw.com>; KVP-OAI <KVPOAI@keker.com>; OpenAICopyright@mofo.com
**Subject:** RE: In re OpenAI ChatGPT Litigation - Master File No. 3:23-cv-03223-AMO – Notices of Subpoena and Subpoenas

Counsel,

We have not heard from you on our compromise on the subpoenas.  We need an answer today.  Fact discovery closes next month, and we have been requesting these documents since at least January. Moreover, please confirm today that plaintiffs will file a notice with the Court this week explaining that their productions are outstanding because they initially failed to adequately search for, collect, and produce responsive documents from their literary agents' files, including agents' email accounts, and explaining when the supplemental productions will be made by.  *See* Dkt 251 ("If any productions are to occur after February 7, 2025, Plaintiffs will file a notice with the court specifying the outstanding productions and accounting for the delay.").

Please find attached the threshold list of literary agents and email addresses we expect plaintiffs to search, and certify they have searched, as part of our compromise offer.  As I explained, this list is not exhaustive. We expect plaintiffs to do a reasonable search for responsive documents and communications in the possession of their agents, which may require searching email accounts or other repositories OpenAI is not aware of. This list also does not obviate plaintiffs' obligation to search for and produce documents from other agents plaintiffs have control over.

As requested below, please provide a timeline, by EOD tomorrow, by which plaintiffs will produce documents from the listed agents. If there are any agents listed that plaintiffs do not believe they have "control" over, please also provide OpenAI with a list of such agents so that OpenAI can pursue the relevant discovery through subpoena.

Best,

**Eleanor F. Brock**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 962 8825 direct | 415 391 5400 main
ebrock@keker.com | keker.com

---

**From:** Eleanor F. Brock
**Sent:** Tuesday, March 18, 2025 2:00 PM
**To:** Melissa Tribble <mtribble@saverilawfirm.com>; Bilal Malik <BMalik@keker.com>
**Cc:** Kelly F. Love <KLove@keker.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; William Castillo Guardado <wcastillo@saverilawfirm.com>; Maxwell Pritt <mpritt@bsfllp.com>; Joshua Stein <jstein@bsfllp.com>; dboies@bsfllp.com; Jesse Michael Panuccio <jpanuccio@bsfllp.com>; eezray@bsfllp.com; Matthew Butterick <mb@butericklaw.com>; asweatman@caffertyclobes.com; mrathur@caffertyclobes.com; bclobes@caffertyclobes.com; dmuller@venturahersey.com; Reed

Forbush <rforbush@bsfllp.com>; JSLF ChatGPT Service List
<JSLFSERVICE_CHATGPT@saverilawfirm.com>; chatgpt_cocounsel@bsfllp.com;
openaicopyrightlitigation.lwteam@lw.com; KVP-OAI <KVPOAI@keker.com>;
OpenAICopyright@mofo.com
**Subject:** RE: In re OpenAI ChatGPT Litigation - Master File No. 3:23-cv-03223-AMO – Notices of
Subpoena and Subpoenas

Melissa,

Thank you for clarifying plaintiffs' position.

We do not agree that the two below-specified categories of documents are the only delta between the
full universe of responsive documents and plaintiffs' existing production. Given that plaintiffs claim to
have "control" over their literary agents' documents, at least as to documents that relate to the
Asserted Works, plaintiffs should have asked their literary agents for documents responsive to each
and every one of OpenAI's discovery requests months ago. It has since become clear that plaintiffs did
not conduct *any* search – much less a reasonable one – of their literary agents' files, despite
repeatedly claiming to have done so. *See, e.g.*, Dkt. 337 at 3-4 ("Plaintiffs have conducted a
reasonable and diligent search of their agents' records and produced the responsive material found in
those files"); 3/9/2025 Email fr. M. Tribble (claiming OpenAI's subpoenas to third-party agents are
improper because "they seek documents [] within Plaintiffs' control...which have already been
requested and produced"). Indeed, Christopher Golden testified yesterday that he did not even ask his
literary agent to search for relevant and responsive communications. *See* Golden Rough Dep. Tr. at
68:10-13 ("Q: Did you ask your agent to review any of his correspondence with others for any
responsive materials? A: No.").

OpenAI is offering the below more targeted requests solely in the spirit of compromise.

Document categories
1. **Documents and communications relating to plaintiffs' publishing agreements,
   licensing agreements, and ghostwriting agreements (if applicable), including but not
   limited to communications about the negotiations or interpretation of those
   agreements.**
   - Thank you for agreeing to conduct a search for any documents and communications in this
     category solely in plaintiffs agents' possession which have not already been produced.
   - OpenAI agrees to limit this category to agreements relating to the Asserted Works.
   - Please confirm that:
     - Plaintiffs' agents will search for documents and communications relating to all
       **potential, attempted, or actual** publishing/licensing/ghostwriting agreements relating
       to the Asserted Works, not just agreements that were actually executed.
     - This request also encompasses agreements relating to all additional works that may be
       added to the case through an amended complaint.

2. **Documents and communications relating to any alleged licensing market for Generative AI.**

- Please confirm you are not limiting this category to documents relating to plaintiffs' Asserted Works (in other words, please confirm that plaintiffs' agents will search for documents relating to both the potential or actual licensing of plaintiffs' works for Generative AI training **and** documents relating to the overall licensing market for Generative AI training data). I cannot tell from your below response.

- To the extent plaintiffs contend documents in their agents' possession relating to the overall alleged licensing market for Generative AI training (rather than the alleged market for licensing plaintiffs' works, specifically) are not in plaintiffs' "control," please confirm that plaintiffs would not oppose third-party subpoenas to their agents targeting such documents. As Bryan acknowledged on the call, there is no dispute that this information is relevant to the litigation; the only question is whether plaintiffs will ask their agents to collect it, or whether OpenAI needs to get it via third-party subpoenas.

<u>Agents/emails</u>

- OpenAI will provide, by EOD tomorrow, a list of literary agents/emails that it expects plaintiffs to search. However, this list is not exhaustive. Plaintiffs and their literary agents are required to do a reasonable search for responsive documents, which includes searching relevant email accounts and repositories OpenAI may not be aware of. The list OpenAI provides also does not limit or obviate plaintiffs' responsibility to search for responsive documents in the possession of other (i.e. non-literary) agents, such as assistants or other employees.

-
<u>Production/certification</u>

- We do not agree that an agent's representation that they do not possess responsive documents fulfills plaintiffs' search and collection obligations. Plaintiffs are required to conduct (and certify that they have conducted) a diligent search for responsive documents from their agents. *See* Dkt. 357 at 4 ("***Plaintiffs*** are ORDERED to either produce the requested materials, or to certify to Defendants that they ***have searched*** for the documents or information in question and that no such documents or information were found.") (emphasis added). Please confirm plaintiffs will do so.

- If plaintiffs find responsive documents in their agents' possession that have not already been produced, plaintiffs must notify the Court they are making productions after February 7 and explain the reasons for why these productions are being made after February 7. *See* Dkt. 251.

Please confirm, by EOD tomorrow, March 19, that plaintiffs agree to the above, and please provide a timeline, by EOD Thursday, March 20, for when plaintiffs will produce documents from their literary agents' files.

Assuming we reach agreement, yes, OpenAI will hold the subpoenas addressed to plaintiffs' agents in abeyance pending receipt of the documents and certifications.

Best,

**Eleanor F. Brock**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 962 8825 direct | 415 391 5400 main
ebrock@keker.com | keker.com

---

**From:** Melissa Tribble <mtribble@saverilawfirm.com>
**Sent:** Monday, March 17, 2025 3:30 PM
**To:** Eleanor F. Brock <EBrock@keker.com>; Bilal Malik <BMalik@keker.com>
**Cc:** Kelly F. Love <KLove@keker.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; William Castillo Guardado <wcastillo@saverilawfirm.com>; Maxwell Pritt <mpritt@bsfllp.com>; Joshua Stein <jstein@bsfllp.com>; dboies@bsfllp.com; Jesse Michael Panuccio <jpanuccio@bsfllp.com>; eezray@bsfllp.com; Matthew Butterick <mb@buttericklaw.com>; asweatman@caffertyclobes.com; mrathur@caffertyclobes.com; bclobes@caffertyclobes.com; dmuller@venturahersey.com; Reed Forbush <rforbush@bsfllp.com>; JSLF ChatGPT Service List <JSLFSERVICE_CHATGPT@saverilawfirm.com>; chatgpt_cocounsel@bsfllp.com; openaicopyrightlitigation.lwteam@lw.com; KVP-OAI <KVPOAI@keker.com>; OpenAICopyright@mofo.com
**Subject:** RE: In re OpenAI ChatGPT Litigation - Master File No. 3:23-cv-03223-AMO – Notices of Subpoena and Subpoenas

---

[EXTERNAL]

Brock,

We agree that the meet and confer was productive. Thank you for providing Defendants' proposal.

First, we did not agree that all documents OpenAI seeks through its subpoenas to Plaintiffs' literary agents are relevant and discoverable. We specifically discussed that communications related to the Asserted Works are responsive. Our understanding of the delta between the subpoenas and what Plaintiffs have already produced in this case are e-mail communications or other documents which are in the exclusive possession of the agents relating to the negotiation of licenses or agreements for the Asserted Works, and to licensing for AI training.

Plaintiffs' specific responses to Defendants' proposal are below, and are contingent on agreement to the list of agents and emails that Defendants believe should be searched.

1. **Documents and communications relating to Plaintiffs' ghostwriting (if applicable), publishing, and licensing agreements, including but not limited to communications about the negotiation or interpretation of those agreements.**

Please confirm that this refers only to agreements related to the Asserted Works. If so, we agreed to conduct a search for any responsive documents and communications solely in the agents' possession which have not already been produced.

2. **Documents and communications relating to any alleged licensing market for Generative AI.**

We agree to search for responsive documents and communications relating to licensing for AI training that are within the files and emails of the agreed-to list of agents.

We agree to request that the agents conduct a search for the documents and communications outlined above. If, however, an agent represents that they have not retained documents from the relevant time period, or that they do not possess the documents in question, we will apprise OpenAI of that representation.

With respect to the certifications, we read Judge Illman's Order as requiring that Plaintiffs' counsel certify the search for documents and that is what we will do here, especially because we are the ones who will be undertaking and supervising these searches.

Please confirm that OpenAI agrees with the above. If so, please confirm that OpenAI will continue to hold the subpoenas addressed to Plaintiffs' agents in abeyance pending receipt of the documents and certifications.

Best,
Melissa

**Melissa Tribble**
Associate

_____



601 California Street, Suite 1505
San Francisco, CA 94108
**T** 415.500.6800 x937
**F** 415.395.9940

---

**From:** Eleanor F. Brock <EBrock@keker.com>
**Sent:** Friday, March 14, 2025 10:45 AM
**To:** Bilal Malik <BMalik@keker.com>; Melissa Tribble <mtribble@saverilawfirm.com>
**Cc:** Kelly F. Love <KLove@keker.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; William Castillo Guardado <wcastillo@saverilawfirm.com>; Maxwell Pritt <mpritt@bsfllp.com>; Joshua Stein <jstein@bsfllp.com>; dboies@bsfllp.com; Jesse Michael Panuccio <jpanuccio@bsfllp.com>; eezray@bsfllp.com; Matthew Butterick <mb@butuercklaw.com>; asweatman@caffertyclobes.com;

mrathur@caffertyclobes.com; bclobes@caffertyclobes.com; dmuller@venturahersey.com; Reed
Forbush <rforbush@bsfllp.com>; JSLF ChatGPT Service List
<JSLFSERVICE_CHATGPT@saverilawfirm.com>; chatgpt_cocounsel@bsfllp.com;
openaicopyrightlitigation.lwteam@lw.com; KVP-OAI <KVPOAI@keker.com>;
OpenAICopyright@mofo.com
**Subject:** RE: In re OpenAI ChatGPT Litigation - Master File No. 3:23-cv-03223-AMO – Notices of
Subpoena and Subpoenas


Counsel,

Thank you for the productive meet and confer yesterday. It appears that all parties agree that the
documents OpenAI seeks through its subpoenas to plaintiffs' literary agents are relevant and
discoverable. We further understand that, although plaintiffs believe they have produced many of the
requested documents from their own files already, plaintiffs are nonetheless willing to search for
responsive documents solely in the possession of their agents (e.g. emails between Coates' agent and
a publisher relating to the negotiation of Coates' licensing agreement that Coates was never copied
on).

As discussed, below are the main two categories of information OpenAI seeks from plaintiffs' literary
agents:

1. **Documents and communications relating to plaintiffs' ghostwriting (if applicable),
   publishing, and licensing agreements, including but not limited to communications
   about the negotiation or interpretation of those agreements.**
   a. These documents are responsive to, *e.g.,* OpenAI's RFP Nos. 2, 4, 5, 12, 36-38, 55/56,
      56/57; Subpoena to Produce Documents to Creative Artists Agency LLC Request Nos. 4-
      6,  8, 9, 15, 17-20.
2. **Documents and communications relating to any alleged licensing market for
   Generative AI.**
   a. These documents are responsive to, *e.g.,* OpenAI's RFP Nos. 36, 43/44, 44/45, 45/46,
      46/47, 47/48, 62/63, 66/67, 93/96/97/98, 94/97/98/99, 95/98/99/100,
      97/100/101/102; Subpoena to Produce Documents to Creative Artists Agency LLC
      Request Nos. 7, 11-15, 24.
   b. Plaintiffs did not dispute the discoverability of documents in this category or their ability
      to retrieve documents relating to plaintiffs' works, specifically, but raised a concern that
      more general documents relating to the overall licensing market for Generative AI would
      not be considered in the plaintiffs' control. Plaintiffs indicated they would confer
      internally about the feasibility of providing these more general documents.

Please confirm (1) that plaintiffs will conduct a reasonable search of all subpoenaed agents' files for
the two above categories of information consistent with plaintiffs' representation that they have
"possession, custody, or control" over documents held by their agents that relate to plaintiffs'
business with their agents;  and (2) that plaintiffs agree to certify that they have conducted a
reasonable search for these documents from each agent. Please also provide plaintiffs' final position

regarding the more general Generative AI licensing market documents referenced in 2(b) above.

On the certification issue, Judge Illman's Order requires "**Plaintiffs** . . . to certify to Defendants that they **have searched** for the documents or information in question and that no such documents or information were found that have not already been (or will be) produced." Dkt. 357 at 4 (emphasis added). Thus, as we noted on the call, simply accepting an agent's representation that the requested documents are not in their possession does not fulfill the Court's requirement that plaintiffs *search* for the documents. As discussed, we will put together a list of plaintiffs, their respective agents, and emails we believe should be searched, and we would ask that plaintiffs then certify that those agents' files and the email accounts we will identify have been searched, in addition to any other agent email accounts or document repositories plaintiffs must search to comply with their obligations to conduct a reasonable search for responsive documents. To be sure, we are not asking for information on how the searches were conducted; we just want certification that an agent's files and identified email account(s) were indeed searched as Judge Illman ordered. Lastly, Judge Illman's Order requires the *plaintiffs* to make the certification, not their counsel. Please confirm we have agreement on these points.

As stated on the call, assuming we reach agreement, OpenAI is willing to hold the subpoenas in abeyance pending receipt of plaintiffs' productions.

Best,


**Eleanor F. Brock**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 962 8825 direct | 415 391 5400 main
ebrock@keker.com | keker.com

---

**From:** Bilal Malik <BMalik@keker.com>
**Sent:** Thursday, March 13, 2025 9:38 AM
**To:** Melissa Tribble <mtribble@saverilawfirm.com>
**Cc:** Kelly F. Love <KLove@keker.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; William Castillo Guardado <wcastillo@saverilawfirm.com>; Maxwell Pritt <mpritt@bsfllp.com>; Joshua Stein <jstein@bsfllp.com>; dboies@bsfllp.com; Jesse Michael Panuccio <jpanuccio@bsfllp.com>; eezray@bsfllp.com; Matthew Butterick <mb@buttericklaw.com>; asweatman@caffertyclobes.com; mrathur@caffertyclobes.com; bclobes@caffertyclobes.com; dmuller@venturahersey.com; Reed Forbush <rforbush@bsfllp.com>; JSLF ChatGPT Service List <JSLFSERVICE_CHATGPT@saverilawfirm.com>; chatgpt_cocounsel@bsfllp.com;

openaicopyrightlitigation.lwteam@lw.com; KVP-OAI <KVPOAI@keker.com>;
OpenAICopyright@mofo.com
**Subject:** RE: In re OpenAI ChatGPT Litigation - Master File No. 3:23-cv-03223-AMO – Notices of
Subpoena and Subpoenas

Melissa,

We are available to confer on the below at 1pm today.  Can you please send an invite?  Thank you.

**Bilal Malik**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1890
415 676 2204 direct | 415 391 5400 main

---

**From:** Bilal Malik <BMalik@keker.com>
**Sent:** Wednesday, March 12, 2025 6:41 PM
**To:** Melissa Tribble <mtribble@saverilawfirm.com>
**Cc:** Kelly F. Love <KLove@keker.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli
<czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Holden Benon
<hbenon@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; William Castillo Guardado
<wcastillo@saverilawfirm.com>; Maxwell Pritt <mpritt@bsfllp.com>; Joshua Stein
<jstein@bsfllp.com>; dboies@bsfllp.com; Jesse Michael Panuccio <jpanuccio@bsfllp.com>;
eezray@bsfllp.com; Matthew Butterick <mb@buttericklaw.com>; asweatman@caffertyclobes.com;
mrathur@caffertyclobes.com; bclobes@caffertyclobes.com; dmuller@venturahersey.com; Reed
Forbush <rforbush@bsfllp.com>; JSLF ChatGPT Service List
<JSLFSERVICE_CHATGPT@saverilawfirm.com>; chatgpt_cocounsel@bsfllp.com;
openaicopyrightlitigation.lwteam@lw.com; KVP-OAI <KVPOAI@keker.com>;
OpenAICopyright@mofo.com
**Subject:** RE: In re OpenAI ChatGPT Litigation - Master File No. 3:23-cv-03223-AMO – Notices of
Subpoena and Subpoenas

Melissa, thank you for offering a time to meet and confer; we are checking our availability and will get
back to you soon.  I also asked that Plaintiffs identify, *before* the meet and confer, (1) the individuals
or entities that Plaintiffs believe possess documents that are within Plaintiffs' control and (2) which
email addresses were searched for those individuals and entities.  Please do that so we can have a
productive meet and confer.

With respect to the agent subpoenas, your email is a bit frustrating to read.  We have been clear — for
months — that we are seeking documents and communications related to the negotiations of relevant
agreements involving the asserted works, including from Plaintiffs' agents' files.  We explained,
including in our brief to the Court, and to you in several meet and confers and emails, that Plaintiffs
have produced *no* documents *from* their agents' files.  But your email below makes it seem as if we
just raised this issue and request for the first time today.  Your email is doubly frustrating because

Plaintiffs now appear to be willing to "obtain" these documents and communications from their agents, despite previously and repeatedly representing to us — and the Court — that they already asked their agents for these documents and produced what was found.  That all said, we appreciate Plaintiffs' apparent willingness to actually ask their agents for these documents, collect them, and produce them.

We disagree with your reading of the case law, and your vague assertions of interference with business relations.  To be clear, we have no intention of burdening Plaintiffs or third parties, but we are entitled to these communications (as the Court found in its order), and we will discover them from the third parties if Plaintiffs do not describe how and when they will "obtain" and produce these communications.  We look forward to a productive meet and confer.

**Bilal Malik**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1890
415 676 2204 direct | 415 391 5400 main

---

**From:** Melissa Tribble <mtribble@saverilawfirm.com>
**Sent:** Wednesday, March 12, 2025 5:17 PM
**To:** Bilal Malik <BMalik@keker.com>
**Cc:** Kelly F. Love <KLove@keker.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; William Castillo Guardado <wcastillo@saverilawfirm.com>; Maxwell Pritt <mpritt@bsfllp.com>; Joshua Stein <jstein@bsfllp.com>; dboies@bsfllp.com; Jesse Michael Panuccio <jpanuccio@bsfllp.com>; eezray@bsfllp.com; Matthew Butterick <mb@butericklaw.com>; asweatman@caffertyclobes.com; mrathur@caffertyclobes.com; bclobes@caffertyclobes.com; dmuller@venturahersey.com; Reed Forbush <rforbush@bsfllp.com>; JSLF ChatGPT Service List <JSLFSERVICE_CHATGPT@saverilawfirm.com>; chatgpt_cocounsel@bsfllp.com; openaicopyrightlitigation.lwteam@lw.com; KVP-OAI <KVPOAI@keker.com>; OpenAICopyright@mofo.com
**Subject:** RE: In re OpenAI ChatGPT Litigation - Master File No. 3:23-cv-03223-AMO – Notices of Subpoena and Subpoenas

[EXTERNAL]

Counsel,
Following up on the below email, we are available to meet and confer tomorrow at 1pm. Please confirm that this time works on your end.

Best,
Melissa

**Melissa Tribble**
Associate

_____

JOSEPH SAVERI
L A W   F I R M

601 California Street, Suite 1505
San Francisco, CA 94108
**T** 415.500.6800 x937
**F** 415.395.9940

_____

**From:** Melissa Tribble <mtribble@saverilawfirm.com>
**Sent:** Wednesday, March 12, 2025 4:47 PM
**To:** Bilal Malik <BMalik@keker.com>
**Cc:** Kelly F. Love <KLove@keker.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli
<czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Holden Benon
<hbenon@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; William Castillo Guardado
<wcastillo@saverilawfirm.com>; Maxwell Pritt <mpritt@bsfllp.com>; Joshua Stein
<jstein@bsfllp.com>; dboies@bsfllp.com; Jesse Michael Panuccio <jpanuccio@bsfllp.com>;
eezray@bsfllp.com; Matthew Butterick <mb@butcoklaw.com>; asweatman@caffertyclobes.com;
mrathur@caffertyclobes.com; bclobes@caffertyclobes.com; dmuller@venturahersey.com; Reed
Forbush <rforbush@bsfllp.com>; JSLF ChatGPT Service List
<JSLFSERVICE_CHATGPT@saverilawfirm.com>; chatgpt_cocounsel@bsfllp.com;
openaicopyrightlitigation.lwteam@lw.com; KVP-OAI <KVPOAI@keker.com>;
OpenAICopyright@mofo.com
**Subject:** RE: In re OpenAI ChatGPT Litigation - Master File No. 3:23-cv-03223-AMO – Notices of
Subpoena and Subpoenas

Counsel,
Thank you for meeting and conferring yesterday about the agent subpoenas.

As discussed, we cited *Palumbo* only in support of our standing argument, not for the merits.
See *Palumbo v. Shulman*, 1998 WL 720668, at *1 (S.D.N.Y. Oct. 13, 1998) (finding that the party had
standing to quash a subpoena  where the requesting party acknowledged that the "sought-after
documents are within [party]s' possession, custody and control" and where the document sought
"belong[ed]" to the party); *see also Richards v. Convergys Corp.*, No. 2:05-CV-00790DAK, 2007 WL
474012, at *1 (D. Utah Feb. 7, 2007) (finding that "a party has a personal right in his employment
records sufficient to confer standing."); *Schmulovich v. 1161 Rt. 9 LLC*, No. CIV. A. 07-597-FLW, 2007
WL 2362598, at *2 (D.N.J. Aug. 15, 2007) (same with respect to bank records).

As to the merits, the subpoenas are unduly burdensome because they improperly subvert the Court's
Order and burden non-parties rather than engaging in the process for seeking party discovery
required by Judge Illman's order. *Glass Egg Digital Media v. Gameloft, Inc.*, No. 17-CV-04165, 2019
WL 4166780, at *5 (N.D. Cal. Sept. 3, 2019) (finding a third party subpoena overly burdensome
because "the vast majority of the discovery sought by . . . third party subpoenas can be obtained
directly from [a party]"). This case closely mirrors the facts of *Joiner v. Choicepoint Servs., Inc.*, 2006

WL 2669370, at *4 (W.D.N.C. Sept. 15, 2006) (finding that a subpoena served on defendant's employee following the court's ruling on a motion to compel the documents was a "clear attempt[] to undermine not only the Federal Rules of Civil Procedure but also this Court's orders."). What OpenAI is attempting to do here is no different than what *Joiner* held improper.

It seems from the arguments raised during the meet and confer in your email below, that OpenAI's primary concern is email communications from the agent's accounts. If so, these subpoenas are wildly overbroad. We are willing to confer with about obtaining the discrete email communications OpenAI is seeking in a proportional way.

We further communicated that the subpoenas are improper for another reason—because they are causing actual harm to Plaintiffs' relationships with their agents and assistants in violation of Rule 26. *See, e.g. Graham v. Casey's General Stores*, 206 F.R.D. 251, 256 (S.D. Ind. 2002) (finding a "legitimate concern that a subpoena sent to [the party's] current employer under the guise of a discovery request could be a tool for harassment and result in difficulties for her in her new job" and *granting the motion to quash* as to the current employer.)

We reiterate our request that OpenAI to withdraw these improper subpoenas. Please let us know before the end of this week whether OpenAI will do so. If it does not, the Plaintiffs will file motions to quash all the agent subpoenas in advance of the noticed dates of compliance, the earliest of which is March 20.

We are coordinating availability internally and will get back to you shortly about meeting and conferring pursuant to Illman's Order.

Best,
Melissa

**Melissa Tribble**
Associate

_____



601 California Street, Suite 1505
San Francisco, CA 94108
**T** 415.500.6800 x937
**F** 415.395.9940

---

**From:** Bilal Malik <BMalik@keker.com>
**Sent:** Wednesday, March 12, 2025 10:37 AM
**To:** Melissa Tribble <mtribble@saverilawfirm.com>; bclobes@caffertyclobes.com
**Cc:** Kelly F. Love <KLove@keker.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; William Castillo Guardado <wcastillo@saverilawfirm.com>; Maxwell Pritt <mpritt@bsfllp.com>; Joshua Stein

<jstein@bsfllp.com>; dboies@bsfllp.com; Jesse Michael Panuccio <jpanuccio@bsfllp.com>;
eezray@bsfllp.com; Matthew Butterick <mb@butcoricklaw.com>; asweatman@caffertyclobes.com;
mrathur@caffertyclobes.com; dmuller@venturahersey.com; Reed Forbush <rforbush@bsfllp.com>;
JSLF ChatGPT Service List <JSLFSERVICE_CHATGPT@saverilawfirm.com>;
chatgpt_cocounsel@bsfllp.com; openaicopyrightlitigation.lwteam@lw.com; KVP-OAI
<KVPOAI@keker.com>; OpenAICopyright@mofo.com
**Subject:** RE: In re OpenAI ChatGPT Litigation - Master File No. 3:23-cv-03223-AMO – Notices of
Subpoena and Subpoenas

Counsel,

Thank you for conferring with us yesterday regarding OpenAI's subpoenas to third-party literary
agents.  OpenAI is considering Plaintiffs' new position that the documents these subpoenas seek are
within Plaintiffs' control, and we expect to get back to you on the subpoenas well before the March 20
deadline (to quash) Chris referenced on the call, provided that you respond to this email in a timely
manner.

The issue, as we pointed out, is that Plaintiffs' productions to date do not include any communications
**from** their agents' files.  By way of example, we noted that Mr. Coates has not produced any
documents **from** his agent Gloria Loomis' files.  Alex stated that, if that is correct (it is), then perhaps
the forthcoming productions **from Mr. Coates' second Gmail account** might include
communications **with** Ms. Loomis.

This response only underscores our point.  If the forthcoming production from Mr. Coates' email
account includes emails with Ms. Loomis as a recipient or sender, then those emails should have been
produced **from Ms. Loomis' files**, given your representations that (1) Mr. Coates asked Ms. Loomis
to search her email and (2) she did.  Alex's response also highlights Plaintiffs' misunderstanding of
what OpenAI is requesting.  That Mr. Coates has emails **with** Ms. Loomis on them does not address
the fact that Ms. Loomis, as his agent, communicates on his behalf **without copying Mr. Coates**.  In
other words, there is a set of communications that Ms. Loomis has that Mr. Coates doesn't because
Mr. Coates is not on them.  But there are **zero** such communications in Mr. Coates' production.

We are entitled to discover these communications from Ms. Loomis, and the other Plaintiffs' agents as
well, and neither (out-of-circuit) case you cited during our call suggests, let alone holds, otherwise.
*See Palumbo v. Shulman*, 1998 WL 720668, at *5 (S.D.N.Y. Oct. 13, 1998) (**denying** the defendants'
motion for a protective order and motion to quash plaintiffs' subpoenas to third-parties and ordering
production from the third-parties, even though the plaintiffs acknowledged that the information sought
from the third-parties was within the possession, custody, or control of the defendants); *Graham v.
Casey's Gen. Stores*, 206 F.R.D. 251, 254 (S.D. Ind. 2002) ("Graham claims that Defendant could
have obtained her medical records merely by serving these releases (and of course a subpoena) on her
medical providers [i.e., third parties]. . . . **The Court agrees**.").  If you have other authority that you
would like us to consider, please provide it.

Separately, please provide your availability to confer, this week, over Judge Illman's order regarding

documents within Plaintiffs' possession, custody, or control.  Before this meet and confer, and for each Plaintiff, please identify the individuals or entities that you believe possess documents that are with Plaintiffs' control and please identify which email addresses were searched for those individuals and entities.  Thank you.

**Bilal Malik**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1890
415 676 2204 direct | 415 391 5400 main

---

**From:** Melissa Tribble <mtribble@saverilawfirm.com>
**Sent:** Monday, March 10, 2025 10:00 AM
**To:** Bilal Malik <BMalik@keker.com>; bclobes@caffertyclobes.com
**Cc:** Kelly F. Love <KLove@keker.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; William Castillo Guardado <wcastillo@saverilawfirm.com>; Maxwell Pritt <mpritt@bsfllp.com>; Joshua Stein <jstein@bsfllp.com>; dboies@bsfllp.com; Jesse Michael Panuccio <jpanuccio@bsfllp.com>; eezray@bsfllp.com; Matthew Butterick <mb@butiericklaw.com>; asweatman@caffertyclobes.com; mrathur@caffertyclobes.com; dmuller@venturahersey.com; Reed Forbush <rforbush@bsfllp.com>; JSLF ChatGPT Service List <JSLFSERVICE_CHATGPT@saverilawfirm.com>; chatgpt_cocounsel@bsfllp.com; openaicopyrightlitigation.lwteam@lw.com; KVP-OAI <KVPOAI@keker.com>; OpenAICopyright@mofo.com
**Subject:** RE: In re OpenAI ChatGPT Litigation - Master File No. 3:23-cv-03223-AMO – Notices of Subpoena and Subpoenas

**[EXTERNAL]**

Bilal,
We are available at 2:30pm PT tomorrow. I will circulate an invite shortly.

**Melissa Tribble**
Associate

---



601 California Street, Suite 1505
San Francisco, CA 94108
**T** 415.500.6800 x937
**F** 415.395.9940

---

**From:** Bilal Malik <BMalik@keker.com>
**Sent:** Monday, March 10, 2025 9:18 AM

**To:** Melissa Tribble <mtribble@saverilawfirm.com>; bclobes@caffertyclobes.com
**Cc:** Kelly F. Love <KLove@keker.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; William Castillo Guardado <wcastillo@saverilawfirm.com>; Maxwell Pritt <mpritt@bsfllp.com>; Joshua Stein <jstein@bsfllp.com>; dboies@bsfllp.com; Jesse Michael Panuccio <jpanuccio@bsfllp.com>; eezray@bsfllp.com; Matthew Butterick <mb@butericklaw.com>; asweatman@caffertyclobes.com; mrathur@caffertyclobes.com; dmuller@venturahersey.com; Reed Forbush <rforbush@bsfllp.com>; JSLF ChatGPT Service List <JSLFSERVICE_CHATGPT@saverilawfirm.com>; chatgpt_cocounsel@bsfllp.com; openaicopyrightlitigation.lwteam@lw.com; KVP-OAI <KVPOAI@keker.com>; OpenAICopyright@mofo.com
**Subject:** RE: In re OpenAI ChatGPT Litigation - Master File No. 3:23-cv-03223-AMO – Notices of Subpoena and Subpoenas


Melissa,
OpenAI is not available today at 2:30pm PST.  We are available tomorrow from 1:30-3:30pm PST.  If there's a 30-minute window in there that works for your team, please send an invite.  Thank you.

---

**Bilal Malik**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1890
415 676 2204 direct | 415 391 5400 main

---

**From:** Bilal Malik
**Sent:** Sunday, March 9, 2025 1:10 PM
**To:** Melissa Tribble <mtribble@saverilawfirm.com>; bclobes@caffertyclobes.com
**Cc:** Kelly F. Love <KLove@keker.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; William Castillo Guardado <wcastillo@saverilawfirm.com>; Maxwell Pritt <mpritt@bsfllp.com>; Joshua Stein <jstein@bsfllp.com>; dboies@bsfllp.com; Jesse Michael Panuccio <jpanuccio@bsfllp.com>; eezray@bsfllp.com; Matthew Butterick <mb@butericklaw.com>; asweatman@caffertyclobes.com; mrathur@caffertyclobes.com; dmuller@venturahersey.com; Reed Forbush <rforbush@bsfllp.com>; JSLF ChatGPT Service List <JSLFSERVICE_CHATGPT@saverilawfirm.com>; chatgpt_cocounsel@bsfllp.com; openaicopyrightlitigation.lwteam@lw.com; KVP-OAI <KVPOAI@keker.com>; OpenAICopyright@mofo.com
**Subject:** RE: In re OpenAI ChatGPT Litigation - Master File No. 3:23-cv-03223-AMO – Notices of Subpoena and Subpoenas


Thanks, Melissa.  Your suggestion that OpenAI is delaying conferring with Plaintiffs on this issue is not well-taken.  Plaintiffs have known of these subpoenas since February 27 but did not raise any concerns until 4:39 pm Friday, March 7 and then did not explain the basis for their objection until this

morning, on a Sunday. That said, we'll check to see if we can confer tomorrow at 2:30 pm.

As to Plaintiffs' objection to the subpoenas, and setting aside that the metadata and document productions to date reveal that no communications have been produced from Plaintiffs' agents' files, Plaintiffs "ha[ve] no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." *Iglesias v. Arizona Beverages USA, LLC*, 2024 WL 4486995, at *1 (N.D. Cal. Mar. 27, 2024).

**Bilal Malik**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1890
415 676 2204 direct | 415 391 5400 main

**From:** Melissa Tribble <mtribble@saverilawfirm.com>
**Sent:** Sunday, March 9, 2025 10:49 AM
**To:** Bilal Malik <BMalik@keker.com>; bclobes@caffertyclobes.com
**Cc:** Kelly F. Love <KLove@keker.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; William Castillo Guardado <wcastillo@saverilawfirm.com>; Maxwell Pritt <mpritt@bsfllp.com>; Joshua Stein <jstein@bsfllp.com>; dboies@bsfllp.com; Jesse Michael Panuccio <jpanuccio@bsfllp.com>; eezray@bsfllp.com; Matthew Butterick <mb@buttoricklaw.com>; asweatman@caffertyclobes.com; mrathur@caffertyclobes.com; dmuller@venturahersey.com; Reed Forbush <rforbush@bsfllp.com>; JSLF ChatGPT Service List <JSLFSERVICE_CHATGPT@saverilawfirm.com>; chatgpt_cocounsel@bsfllp.com; openaicopyrightlitigation.lwteam@lw.com; KVP-OAI <KVPOAI@keker.com>; OpenAICopyright@mofo.com
**Subject:** RE: In re OpenAI ChatGPT Litigation - Master File No. 3:23-cv-03223-AMO – Notices of Subpoena and Subpoenas

[EXTERNAL]

Bilal,

The subpoenas served on Plaintiffs' agents and assistants are improper because they seek documents that are within Plaintiffs' control (as OpenAI has repeatedly argued), which have already been requested and produced under Rule 34 and are also the subject of a Court Order. The subpoenas improperly circumvent Rule 34 and the Court's Order, and unduly burden non-parties by seeking documents that are within Plaintiffs' control.

We cannot delay the meet and confer when non-party rights are involved. We do not have further availability on Monday. Please confirm that 2:30 works on your end.

Best,

Melissa

**Melissa Tribble**
Associate

_____

JOSEPH SAVERI
L A W   F I R M

601 California Street, Suite 1505
San Francisco, CA 94108
**T** 415.500.6800 x937
**F** 415.395.9940

---

**From:** Bilal Malik <BMalik@keker.com>
**Sent:** Friday, March 7, 2025 6:47 PM
**To:** bclobes@caffertyclobes.com
**Cc:** Kelly F. Love <KLove@keker.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Melissa Tribble <mtribble@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; William Castillo Guardado <wcastillo@saverilawfirm.com>; Maxwell Pritt <mpritt@bsfllp.com>; Joshua Stein <jstein@bsfllp.com>; dboies@bsfllp.com; Jesse Michael Panuccio <jpanuccio@bsfllp.com>; eezray@bsfllp.com; Matthew Butterick <mb@butericklaw.com>; asweatman@caffertyclobes.com; mrathur@caffertyclobes.com; dmuller@venturahersey.com; Reed Forbush <rforbush@bsfllp.com>; JSLF ChatGPT Service List <JSLFSERVICE_CHATGPT@saverilawfirm.com>; chatgpt_cocounsel@bsfllp.com; openaicopyrightlitigation.lwteam@lw.com; KVP-OAI <KVPOAI@keker.com>; OpenAICopyright@mofo.com
**Subject:** Re: In re OpenAI ChatGPT Litigation - Master File No. 3:23-cv-03223-AMO – Notices of Subpoena and Subpoenas


Bryan, you sent your objections twice and late on a Friday without any explanation.  We are entitled to know what you want to meet and confer about on Monday. You should presumably be able to do so now but we will don't know what you are objecting to.  Can you explain?  Thanks.

Sent from my iPhone


On Mar 7, 2025, at 6:39 PM, Bryan L. Clobes <BClobes@caffertyclobes.com> wrote:

**[EXTERNAL]**

---

This is now the third time you have replied with the exact same question within just a few hours on a Friday night. We intend to reply so no need to send a fourth repeat request.

Thanks.

Sent from my iPhone

> On Mar 7, 2025, at 6:34 PM, Bilal Malik <BMalik@keker.com> wrote:
>
> Following up here. We assume you have a basis, so we'd appreciate if you can articulate it. Thank you.
>
> Sent from my iPhone

>> On Mar 7, 2025, at 4:55 PM, Bilal Malik <BMalik@keker.com> wrote:
>>
>> Thanks. What is the basis for Plaintiffs' belief that these subpoenas are "improper"?

**Bilal Malik**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1890
415 676 2204 direct | 415 391 5400 main

**From:** Bryan L. Clobes <BClobes@caffertyclobes.com>
**Sent:** Friday, March 7, 2025 4:54 PM
**To:** Kelly F. Love <KLove@keker.com>
**Cc:** Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Melissa Tribble <mtribble@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; William Castillo Guardado <wcastillo@saverilawfirm.com>; Maxwell Pritt <mpritt@bsfllp.com>; Joshua Stein <jstein@bsfllp.com>; dboies@bsfllp.com; Jesse Michael Panuccio <jpanuccio@bsfllp.com>; eezray@bsfllp.com; Matthew Butterick <mb@butterricklaw.com>; Alexander Sweatman <ASweatman@caffertyclobes.com>; Mohammed Rathur <MRathur@caffertyclobes.com>; dmuller@venturahersey.com; Reed Forbush <rforbush@bsfllp.com>; JSLF ChatGPT Service List <JSLFSERVICE_CHATGPT@saverilawfirm.com>;

chatgpt_cocounsel@bsfllp.com;
openaicopyrightlitigation.lwteam@lw.com; KVP-OAI
<KVPOAI@keker.com>; OpenAICopyright@mofo.com
**Subject:** Re: In re OpenAI ChatGPT Litigation - Master File No.
3:23-cv-03223-AMO – Notices of Subpoena and Subpoenas

[EXTERNAL]

_____

And to be clear—by "these subpoenas" we are referring to all
subpoenas recently served by Defendants on all Plaintiffs'
agents and assistants.

Thanks.

Bryan

Sent from my iPhone

> On Mar 7, 2025, at 4:39 PM, Melissa Tribble
> <mtribble@saverilawfirm.com> wrote:

> Counsel,
> We do not believe that these subpoenas are
> proper. We are available to meet and confer
> about them on Monday at 2:30pm PT. Please
> confirm your availability and we will circulate an
> invitation.

> Best,
> Melissa

> **Melissa Tribble**
> Associate

> _____

> <image001.png>

> 601 California Street, Suite 1505
> San Francisco, CA 94108
> **T** 415.500.6800 x937
> **F** 415.395.9940

> _____

> **From:** Kelly F. Love <KLove@keker.com>
> **Sent:** Thursday, March 6, 2025 8:56 AM

**To:** Joseph Saveri <jsaveri@saverilawfirm.com>;
Cadio Zirpoli <czirpoli@saverilawfirm.com>;
Christopher Young
<cyoung@saverilawfirm.com>; Holden Benon
<hbenon@saverilawfirm.com>; Aaron Cera
<aCera@saverilawfirm.com>; William Castillo
Guardado <wcastillo@saverilawfirm.com>;
Margaux Poueymirou
<mpoueymirou@saverilawfirm.com>; Melissa
Tribble <mtribble@saverilawfirm.com>; Maxwell
Pritt <mpritt@bsfllp.com>; Joshua Stein
<jstein@bsfllp.com>; dboies@bsfllp.com; Jesse
Michael Panuccio <jpanuccio@bsfllp.com>;
eezray@bsfllp.com; Matthew Butterick
<mb@buttoricklaw.com>;
bclobes@caffertyclobes.com;
asweatman@caffertyclobes.com;
mrathur@caffertyclobes.com;
dmuller@venturahersey.com; Reed Forbush
<rforbush@bsfllp.com>
**Cc:** openaicopyrightlitigation.lwteam@lw.com>;
KVP-OAI <KVPOAI@keker.com>;
OpenAICopyright@mofo.com
**Subject:** In re OpenAI ChatGPT Litigation -
Master File No. 3:23-cv-03223-AMO – Notices of
Subpoena and Subpoenas

Counsel,

Attached and served upon you pursuant to
Federal Rule of Civil Procedure 45(a)(4),
please find OpenAI's Notices of Subpoena to
the following non-parties:

1. Trident Media Group LLC
2. Dan Strone
3. Creative Artists Agency LLC
4. Don Congdon Associates, Inc.
5. Watkins/Loomis Agency, Inc.
6. Howard Morhaim Literary Agency, Inc.
7. Inkwell Management LLC
8. Ginger Clark
9. Curtis Brown Ltd.

Best,

**Kelly F. Love**
Legal Secretary
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 676 2304 direct | 415 391 5400 main
klove@keker.com | keker.com

<~WRD2052.jpg>